IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SCSW, LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| TEN: THE ENTHUSIAST NETWORK | § | |
| MAGAZINES, LLC and SOURCE | § | |
| INTERLINK MAGAZINES, LLC, | § | |
| | § | |
| Defendants | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

This Court has federal question and diversity jurisdiction over the claims and cause of action asserted by Plaintiff, SCSW, LLC (the "Plaintiff") against Defendants, TEN: The Enthusiast Network Magazines, LLC, formerly known as Source Interlink Magazines, LLC, and Source Interlink Magazines, LLC, n/k/a TEN: The Enthusiast Network Magazines, LLC (together, the "Defendant"). Therefore, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant files this Notice of Removal, and in support thereof shows the Court as follows:

### State Court Action

1. On March 27, 2014, Plaintiff filed its Original Petition (the "Original Petition") thereby commenced in the 170th District Court, McLennan County, Texas, the action styled *SCSW, LLC v. TEN: The Enthusiast Network Magazines, LLC and Source Interlink Magazines, LLC,* and bearing Cause No. 2015-1169-4 (the "State Court Action").

2. Defendant, through certified mail, first received the Petition on April 4, 2015.

### Timeliness of Removal

3. Pursuant to 28 U.S.C. § 1446(b), the removal of this action is timely. The filing of this Notice of Removal is made within thirty (30) days after Defendant first received the documents attached hereto as <u>Exhibit 1</u>, which are the first papers Defendant received by which it ascertained that this case could be removed under 28 U.S.C. §§ 1331 and 1332.

### Grounds for Removal

**A.    Federal Question**

4. The State Court Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because this Action presents a federal question pursuant to 28 U.S.C. § 1331.

5. Plaintiff's claims arise out of a federal trademark law. Plaintiff alleges that Defendant represented that it owned a federal registered trademark in the phrase "SUPER CHEVY," when Plaintiff alleges it does not. Plaintiff alleges that it has superior rights to the phrase.

6. In its first cause of action, Plaintiff seeks judicial declaration that it is the owner and registered holder of trademark rights under the Texas Trademark Act, and that neither Defendant has registered, either at the State or Federal level, any trademark for "SUPER CHEVY." Any registration under the Texas Trademark Act requires a verification by applicant that no other person has a registered mark either federally or in Texas; or is entitled to use the mark in the state in the identical form or in a form that is likely to cause confusion because of its resemblance to the mark. Thus, in order to determine the first cause of action, the Court must first interpret the trademark allegations and determine Defendant's rights under federal law, including without limitation Defendant's rights arising under the Lanham Act, 15 U.S.C.

§ 1125(a). Plaintiff's second cause of action is for tortious interference. In order to determine this cause of action the Court must again determine each party's rights under the Lanham Act, since a party cannot be liable for tortious interference if it acts in a bona fide exercise of its rights or it has superior interest to the subject matter, *i.e.* the mark at issue. Thus, this cause of action hinges on the Federal statute. As a result, there is a substantial federal question which is an integral element of Plaintiff's claims making this action removable to Federal Court under 28 U.S.C. § 1441(a).

**B.  Diversity Jurisdiction**

7.  The State Court Action may also be removed to this Court pursuant to 28 U.S.C. § 1441(b) because this Court has diversity jurisdiction over the claims and parties in the State Court Action pursuant to 28 U.S.C. § 1332. The parties are citizens of different states and this action concerns a matter in controversy that exceeds the sum of $75,000, exclusive of interests and costs.

**C.  There is Complete Diversity of the Parties**

8.  Upon information and belief, Plaintiff's members are John Bandimere and William Meyer. Upon information and belief, John Bandimere's address is 3051 S. Rooney Rd., Morrison, Colorado. Upon information and belief, William Meyer lives in Waco, Texas. Plaintiff is, therefore, a citizen of Colorado and Texas for purposes of diversity jurisdiction.

9.  Defendant, TEN: The Enthusiast Network Magazines, LLC is an LLC whose sole member is TEN: The Enthusiast Network, LLC. TEN: The Enthusiast Network, LLC's sole member is TEN: The Enthusiast Network, Inc., which was incorporated in the state of Delaware

and has its principal place of business in California. Defendant is, therefore, a citizen of Delaware and California for purposes of diversity jurisdiction.

10. Defendant, Source Interlink Magazines, LLC is an LLC which is 100% owned by Source Interlink Companies, Inc. Source Interlink Companies, Inc. was incorporated in the state of Delaware and has its principal place of business in California. On November 7, 2014 Source Interlink Companies, Inc., changed its name to TEN: The Enthusiast Network, Inc., whose citizenship is set forth in ¶ 10 above. Defendant is, therefore, a citizen of Delaware and California for purposes of diversity jurisdiction

11. Accordingly, this action is between citizens of different states and diversity of citizenship exists between Plaintiff and Defendant.

**D. The Amount in Controversy Exceeds $75,000**

12. The amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Although the Original Petition does not include a demand for a specific amount of damages, this Court may determine that removal is proper if it is facially apparent from the Petition that the claims are likely above $75,000. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

13. According to the Original Petition, Plaintiff has the potential for damages based off of the license agreement in excess of One Million Dollars ($1,000,000). (Exhibit 1 ¶ 28). Accordingly, the amount in controversy requirement is satisfied and the Court has diversity jurisdiction.

### E.      Removal to This Court is Proper

14.     Removal is proper to the United States District Court for the Western District of Texas, Waco Division because this Court presides over the district and division where the State court action was filed (*i.e.*, McLennan County, Texas).  28 U.S.C. § 1441(a).

### Procedural Requirements

15.     Pursuant to 28 U.S.C. § 1446(a), attached to this Notice of Removal as Exhibit 1 is a copy of Plaintiff's Citation and Original Petition. The papers attached as Exhibit 1 constitute all process, pleadings and orders served upon Defendant in this action.

16.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on Plaintiff, and a true and correct copy of this Notice of Removal will be filed with the McLennan County District Clerk, State of Texas whereby all further matters shall proceed in the United States Court of the Western District of Texas, Waco Division.

17.     Based on the foregoing, Defendant is entitled to have this case removed from the 170th Judicial District Court of McLennan County, Texas to the United States District Court for the Western District of Texas, Waco Division, where jurisdiction is proper.

### Relief Requested

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court make such orders and take such action as may be necessary in connection with the removal of the State Court Action to the United States District Court for the Western District of Texas, Waco Division, and that Defendant has such other further relief, both general and special, at law and in equity, to which they may show itself to be justly entitled.

Respectfully submitted,

**WINSTEAD PC**

By: /s/ James G. Ruiz
    James G. Ruiz
    State Bar No. 17385860
    jruiz@winstead.com
    Marcus Brooks
    State Bar No. 24040579
    mbrooks@winstead.com
    Andy P. Mielnik
    State Bar No. 24065745
    amielnik@winstead.com
    401 Congress Avenue, Suite 2100
    Austin, Texas 78701
    (512) 370-2818
    (512) 370-2850 (Fax)

ATTORNEYS FOR DEFENDANT TEN: THE ENTHUSIAST NETWORK MAGAZINES, LLC F/K/A SOURCE INTERLINK MAGAZINES, LLC, AND SOURCE INTERLINK MAGAZINES, LLC, N/K/A TEN: THE ENTHUSIAST NETWORK MAGAZINES, LLC

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on Plaintiff's counsel by certified mail, return receipt requested, and regular first class mail, on the 1st day of May, 2015:

Christian J. Hack
Peter K. Rusek
SHEEHY, LOVELACE & MAYFIELD PC
510 N. Valley Mills Drive, Suite 500
Waco, TX 76710

    /s/ James G. Ruiz
    James G. Ruiz